## HENRY TEMPLEMAN *vs.* WILLIAM BIDDLE.

A particular custom must be pleaded: a general custom will be judicially noticed.
The way-going tenant is entitled to the wheat crop by the general custom of this state.
Not so of the oat crop.

TRESPASS vi et armis. Plea not guilty. Issue.

The declaration was in trespass for breaking and entering plff.'s close, and preventing him from threshing out and carrying away a crop of oats from the said close, the property of the plff. and a part of the emblements belonging to him as the way-going tenant from the said close; and for converting the said crop of oats to his, the deft.'s own use.

There were other counts for treading down the wheat crop, &c. &c.

It sppeared that Templeman, in the year 1833, and for many years previous occupied a farm in St. George's hundred as tenant of Henry Bayard, Esq. In that year Mr. Bayard disposed of the farm, and the purchaser gave Templeman notice to quit on the 25th of March, 1834. He sowed a crop of oats in the spring of 1834, which Biddle, the succeeding tenant permitted him to cut, but refused to let him carry away; and afterwards took the crop of oats and converted it to his own use. For this trespass and also for injury done to the wheat crop, the action was brought.

The plff. offered to prove that it was the custom of the neighborhood for a way-going tenant to sow a crop of oats and reap it after him; but the testimony was objected to and excluded.

*Wm. H. Rogers.* At common law the tenant is not entitled to the way-going crop. If there be such a right it must be founded on custom: and a particular custom must be pleaded. General customs are such as apply to the whole realm; particular customs to a neighborhood or district. The latter must be averred; and cannot be proved or judicially noticed without being pleaded. *Gould's Pl.* 56; 1 *Chitty Pl.* 221; 16 *East,* 71; 20 *Com. Law Rep.* 201; 1 *Douglas,* 201; 2 *Lord Raymond,* 1134, 5; 1 *Blac. Com.* 76; *Doct. & Stud.* 34; 5 *Binn. Rep.* 293.

*The Court said,* a general custom may be proved without being pleaded; or perhaps it would be judicially noticed without being either proved or pleaded; but a custom obtaining only in a particular district or neighborhood must be pleaded. As an example of the former the custom is believed to be general throughout this state for the way-going tenant to sow and afterwards to reap a crop of wheat, there can be no such general custom as to an oat crop; for the time of renting generally in the lower counties is the first of March, and, in some parts of Kent, the first of January. In either case the way-going tenant could not sow oats and there can be, of course, no custom in those districts which authorizes his returning to reap an oat crop. In this county where the letting is generally from the 25th of March such a custom may exist; but if relied on it must be pleaded and proved.

Question to a witness. What has been the course of tillage of this farm for 17 years past, as to the oat crop? Objected to.

*By the Court.* We have stated that a particular custom must be pleaded. The plff. therefore in this case can entitle himself to the oats only on the ground of contract. Does the question tend to prove such a contract? The usage of a tenant to sow oats each year and reap them while on the farm can have no relation to his rights after he has left it; or tend to prove any contract that he shall have the way-going crop. The common law does not give it to him; the custom, if there be such, is not pleaded, and the evidence offered *is not admissible to show a contract.* It is therefore excluded.

The plff. entered a nolle prosequi on the first and second counts of his declaration and went only for the trespass in treading down, &c. the wheat crop, for which he had a verdict.

*Rodney,* for plaintiff.
*Wm. H. Rogers* and *J. Rogers,* for defendant.